JUDGE CROTTY

15 CV 01603

Brian W. Brokate (BB 5830)
Walter-Michael Lee (WL 6353)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FASHION RIVER CO., LTD,

        Plaintiff,

v.

ESMARALDA FASHIONS INC. d/b/a
"ESMARALDA" and DAVID ASHERIAN;
and "JOHN DOES" 1-10;

        Defendants.

**COMPLAINT**



RECEIVED
MAR 04 2015
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Fashion River Co., LTD ("Fashion River"), by its attorneys Gibney, Anthony & Flaherty, LLP, for its complaint against defendants Esmaralda Fashions Inc. d/b/a "Esmaralda" and David Asherian (hereinafter collectively referred to as "Defendants") states as follows:

**STATEMENT OF THE CASE**

1. This is a suit by Fashion River against Defendants for injunctive relief, actual or statutory damages, attorneys' fees and costs for willful copyright infringement. Defendants are being sued by Fashion River as a result of Defendants' offers for sale, sale, distribution, promotion

and advertisement of merchandise bearing unauthorized reproductions of Fashion River's copyrighted design.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal copyright claims under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1221.

3. Defendants reside and do business in this District and have committed the acts complained of herein in this District.

4. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) and 1400(a).

## THE PARTIES

6. Fashion River is a corporation duly organized and existing under the laws of the State of New York having an office and principal place of business at 499 Seventh Avenue, 13-S Floor, New York, NY 10018.

7. Upon information and belief, Esmaralda Fashions Inc. doing business as "Esmaralda" ("Esmaralda") is a New York corporation with a retail store located at 141 West 36th Street, New York, NY 10018.

8. Upon information and belief, David Asherian is the Chief Executive Officer of Esmaralda and owns and/or operates and/or has a financial interest and the right and ability to control the operation of Esmaralda.

9. The identities of "John Does" 1-10 are not currently known to Fashion River, but upon information and belief, they are associated with Defendants and materially contribute to the

infringement of Fashion River's right. Fashion River will identify these "John Does" upon further knowledge and investigation and will amend its pleadings accordingly.

### FACTUAL ALLEGATIONS

10. Fashion River is the designer and distributor of fine apparel and merchandise.

11. At all times material hereto, Fashion River is the owner of the federally registered VA 1-918-764 copyright registration entitled "2419 Zig Zag Navajo" (the "Zig Zag Copyright"). Fashion River, through a transfer agreement, is the owner of sole and exclusive world-wide rights, including the United States, to the Zig Zag Copyright.

12. As seen below, on or about October 2014, Fashion River became aware that the Esmaralda store located at 141 West 36th Street, New York, NY 10018 ("Esmaralda Store") had a mannequin in the store window advertising for sale clothing bearing unauthorized reproductions of the Zig Zag Copyright.



13. By its prominent placement in the window of a busy retail location, Defendants have caused severe irreparable damage by advertising and distributing unauthorized merchandise bearing the Zig Zag Copyright.

14. On or about October 10, 2014, a representative of Fashion River visited the Esmaralda Store and purchased a blouse bearing an unauthorized reproduction of the Zig Zag Copyright for $58.00.

15. As seen below, the merchandise being distributed by Defendants (left in the image) is substantially similar, if not practically identical, to the Zig Zag Copyright (right in the image).



16. Defendants have created and/or imported and/or offered for sale and sold unauthorized reproductions of the Zig Zag Copyright.

17. On or about February 3, 2015, Fashion Rover's counsel sent Defendants a letter demanding that they cease their unauthorized activities concerning the Zig Zag Copyright.

18. On or about February 9, 2015, a representative of Defendants telephoned Fashion River's counsel. The representative refused to identify himself and stated that he was to be called

"David" and that "David is all [we] need to know." After refusing to give his identity, the call was terminated. Upon information and belief, "David" is the herein individual defendant, David Asherian.

19. Fashion River, to date, has not received a formal response to the February 3, 2015 letter nor have Defendants complied with the demands set forth in the letter.

20. Upon information and belief, Asherian, along with Esmaralda, created and/or purchased and distributed merchandise bearing an unauthorized reproduction of the Zig Zag Copyright.

21. Defendants have published and placed into circulation of the general public advertisements that infringe Fashion River's intellectual property rights and caused other damages not relating to the infringement.

## FIRST CAUSE OF ACTION
### (Federal Copyright Infringement, 17 U.S.C. § 501)

22. Upon information and belief, Defendants have from time to time within the past three years unlawfully distributed, illegally imported and/or illegally reproduced copies of the Zig Zag Copyright.

23. Fashion River has never authorized Defendants, by license or otherwise, to import, duplicate or distribute such unauthorized reproductions of the Zig Zag Copyright.

24. Defendants' acts, as hereinabove alleged are infringements of Fashion River's exclusive rights under Copyright.

25. Defendants have committed all the aforesaid acts of infringement deliberately and willfully.

26. Defendants have continued to infringe said copyright and unless permanently enjoined

by order of this Court, will continue to infringe said copyright, all to Fashion River's irreparable injury. Fashion River is without an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Fashion River prays for judgment as follows:

I. That Defendants be enjoined permanently from:

(a) importing, duplicating, manufacturing and/or copying any of Fashion River's copyrighted designs; and

(b) from in any manner infringing or contributing to or participating in the infringement by others of any of the copyrights in Fashion River's copyrighted designs, and from acting in concert with, aiding or abetting others to infringe any of said copyrights in any way;

II. That Defendants be required to pay to Fashion River actual or statutory damages, if Fashion River so elects, of up to $30,000 for each copyrighted work infringed for all infringements with respect to that work. If the Court finds that any infringement was committed willfully, Fashion River prays for statutory damages, if Fashion River so elects, of up to $150,000 for each copyrighted work infringed for all willful infringements with respect to that work;

III. That Fashion River recovers its costs of suit including reasonable attorneys' fees incurred herein;

IV. That Fashion River has such other and further relief as this Court deems just and proper;

V. That Defendants, within ten (10) days of judgment, take all steps necessary to remove all text or other media offering for sale any merchandise bearing the Zig Zag Copyright, or marks substantially indistinguishable therefrom;

VI. That Defendants be required to deliver up for destruction to Fashion River all unauthorized materials bearing any of the Zig Zag Copyright in association with unauthorized goods or services and the means for production of same pursuant to 17 USC § 503;

VII. Directing that this Court retain jurisdiction of this action for the purpose of enabling Fashion River to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof;

VIII. Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Fashion River;

IX. Due to the advertising injury caused to Fashion River, Defendants be required to deliver to Fashion River for destruction, all goods that were being advertised, promoted or offered for sale, as well as any and all catalogs, circulars, or other printed material in their possession or control displaying or promoting the infringing goods that were or are being advertised, promoted, or offered for sale; and

X. Awarding to Fashion River such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Fashion River has incurred in connection with this action.

Dated: March 4, 2015

GIBNEY, ANTHONY & FLAHERTY LLP

By: _____
Brian W. Brokate (BB 5830)
Walter-Michael Lee (WL 6353)
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorney for Plaintiff